# Exhibit B

**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Email: *blukitsch@bakerlaw.com*
       *kahmadian@bakerlaw.com*

Cameron S. Friedman (SBN 336087)
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: *cfriedman@bakerlaw.com*

Attorneys for Defendant
TEA DATING ADVICE, INC.

| | |
|---|---|
| SOHA ELSAYED, an individual,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN DOE, an individual whose true identity is unknown,<br><br>                    Defendant. | Originating Case No.: 25-011087-NO<br><br>**TEA DATING ADVICE, INC.'S OBJECTIONS TO PLAINTIFF'S SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS IN ACTION PENDING OUTSIDE CALIFORNIA** |

- 1 -

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Respondent Tea Dating Advice, Inc. ("Tea") hereby objects to Plaintiff Soha Elsayed ("Plaintiff")'s Subpoena for Production of Business Records in Action Pending Outside California (the "Subpoena") dated August 22, 2025, on the following grounds:

**GENERAL OBJECTIONS**

1. The Subpoena and each of the requests (the "Requests") are invalid because Plaintiff has not served the complaint in the underlying action on any defendant and Tea is not aware of Plaintiff having obtained leave to serve the Subpoena on Tea.

2. The Subpoena and each of the Requests are invalid because the Subpoena purports to have been issued by the Superior Court of California, County of Los Angeles and identifies the Los Angeles County Superior Court of California as the court for the county in which discovery is to be conducted but seeks records located outside Los Angeles County. *See* C.C.P. § 2029.300(a).

3. The Subpoena and each of the Requests are invalid because the Subpoena purports to require production of documents outside the geographic limits set forth in the California Code of Civil Procedure.

4. The Subpoena and each of the Requests are invalid because Plaintiff's attorney is not a proper deposition officer. *See* C.C.P. § 2020.420.

5. Tea objects to the Requests because Plaintiff seeks documents that are protected from disclosure under the United States Constitution and/or the Constitution of California.

6. Tea objects to the Requests because Plaintiff has not provided (or attempted to provide) notice to the users about whom she seeks information (the "Users").

7. Tea objects to the Requests because they seek documents that are subject to the Stored Communications Act (18 U.S.C. §§ 2701–12).

8. Tea objects to the Requests to the extent they seek information that is not in Tea's possession, custody, or control.

///

9.     Tea objects the Requests to the extent that they seek the production of electronically stored information that is not reasonably or readily accessible to Tea without undue burden and expense.

10.    Tea objects to the Requests because Plaintiff has not described what, if anything, each of "BABES123" "GIRLYPOPSUMMER" AND "MAGICQUEEN10" are accused of doing and has therefore not provided a basis for Tea to conclude that any of the information sought can reasonably be expected to lead to the discovery of admissible evidence.

11.    Tea objects to the Requests because they seek production of confidential, private, and/or proprietary information before a protective order has been entered in this matter.

Each foregoing general objection is incorporated in each of the responses below, and each of the responses are made without waiver of the general objections listed above.

## **SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**[1]

Subscriber and account registration information for each of the listed screen names [BABES123," "GIRLYPOPSUMMER," and "MAGICQUEEN10"], including:

Full legal name

Date of birth

Gender

Email addresses

Phone numbers

IP addresses used at registration

Device identifiers (IMEI, IMSI, UDID, MAC address)

Physical address if provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the General Objections which are specifically incorporated herein, Tea objects to this Request because it seeks certain documents that are protected under the United States Constitution and the California State Constitution and because Plaintiff has not provided

---

[1] The Requests are not numbered. Tea has added these numbers for ease of reference.

1 notice to the Users. Tea objects to this Request because it seeks documents that are subject to the
2 Stored Communications Act ("SCA"). *See, e.g., O'Grady v. Superior Ct.*, 139 Cal. App. 4th
3 1423, 1448 (2006), *as modified* (June 23, 2006). Tea objects to this Request because no protective
4 order has been entered in this matter or the underlying Michigan matter. Tea also objects to this
5 Request, including the subparts seeking information about the Users' date of birth, gender, email
6 addresses, phone numbers, IP addresses, device identifiers, and physical addresses because it
7 seeks information that is not relevant to any claim or defense and cannot reasonably be expected
8 to lead to the discovery of admissible evidence. Tea objects to this Request as overbroad because
9 it is not limited by time period.

10 **REQUEST FOR PRODUCTION NO. 2:**

11 All uploaded photographs and selfies associated with account creation, verification, or
12 use, including any metadata.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

14 In addition to the General Objections which are specifically incorporated herein, Tea
15 objects to this Request because it seeks documents that are subject to the SCA. *See O'Grady*, 139
16 Cal. App. 4th at 1448. Tea objects to this Request because no protective order has been entered in
17 this matter or the underlying Michigan matter. Tea also objects to this Request because it is
18 unduly burdensome, vague, ambiguous, unintelligible, and fails to specify the information or
19 documents sought to be produced with specific description or reasonable particularity in violation
20 of the California Code of Civil Procedure. Tea objects to this Request because it seeks
21 information that is not relevant to any claim or defense and cannot reasonably be expected to lead
22 to the discovery of admissible evidence, including because it seeks "[a]ll" uploaded photographs
23 and selfies associated with account creation, verification, or use, including any metadata without
24 limitation or connection to the lawsuit. *See Calcor Space Facility, Inc. v. Sup. Ct.*, 53 Cal. App.
25 4th 216, 222 (1997). Tea objects to this Request because it seeks certain documents that are
26 protected under the United States Constitution and the California State Constitution and because
27 Plaintiff has not provided notice to the Users. Tea objects to this Request as unduly burdensome,
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

overbroad and irrelevant in part because it is not limited by time period, or relevant persons or account holders.

**REQUEST FOR PRODUCTION NO. 3:**

All available identifying information captured during selfie or facial verification (including timestamps and location data, if available).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Objections which are specifically incorporated herein, Tea objects to this Request because it seeks certain documents that are protected under the United States Constitution and the California State Constitution and because Plaintiff has not provided notice to the Users. Tea objects to this Request because it seeks documents that are subject to the SCA. *See O'Grady*, 139 Cal. App. 4th at 1448. Tea objects to this Request because no protective order has been entered in this matter or the underlying Michigan matter. Tea also objects to this Request because it is unduly burdensome, vague, ambiguous, unintelligible, and fails to specify the information or documents sought to be produced with specific description or reasonable particularity in violation of the California Code of Civil Procedure. Tea objects to this Request because it seeks information that is not relevant to any claim or defense and cannot reasonably be expected to lead to the discovery of admissible evidence, including because it seeks "[a]ll" available identifying information captured during selfie or facial verification (including timestamps and location data, if available) without limitation or connection to the lawsuit. *See Calcor*, 53 Cal. App. 4th at 222. Tea objects to this Request as overly broad, unduly burdensome and irrelevant, in part, because it is not limited by time period, or relevant persons or account holders.

**REQUEST FOR PRODUCTION NO. 4:**

Login history and IP address logs including: date and time of login/logout activity, IP addresses used, device types and operating systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Objections which are specifically incorporated herein, Tea objects to this Request because it seeks documents that are subject to the SCA. *See O'Grady*, 139

- 5 -

Cal. App. 4th at 1448. Tea further objects to this Request because no protective order has been entered in this matter or the underlying Michigan matter. Tea objects to this Request because it seeks certain documents that are protected under the United States Constitution and the California State Constitution and because Plaintiff has not provided notice to the Users. Tea also objects to this Request because it is unduly burdensome, vague, ambiguous, unintelligible, and fails to specify the information or documents sought to be produced with specific description or reasonable particularity in violation of the California Code of Civil Procedure. Tea objects to this Request because it seeks information that is not relevant to any claim or defense and cannot reasonably be expected to lead to the discovery of admissible evidence. Tea objects to this Request because it is overly broad, unduly burdensome, and irrelevant in part because it is not limited by time period, or to relevant persons or account holders.

**REQUEST FOR PRODUCTION NO. 5:**

All communication and posting history by the above accounts, including: all posted comments, messages, or public/private content, timestamps of each message or post, screenshots of user profiles (if accessible internally).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Objections which are specifically incorporated herein, Tea objects to this Request because it seeks certain documents that are protected under the United States Constitution and the California State Constitution and because Plaintiff has not provided notice to the Users. Tea objects to this Request because it seeks documents that are subject to the SCA. *See O'Grady*, 139 Cal. App. 4th at 1448. Tea objects to this Request because no protective order has been entered in this matter or the underlying Michigan matter. Tea also objects to this Request because it is unduly burdensome, vague, ambiguous, unintelligible, and fails to specify the information or documents sought to be produced with specific description or reasonable particularity in violation of the California Code of Civil Procedure. Tea objects to this Request because it seeks information that is not relevant to any claim or defense and cannot reasonably be expected to lead to the discovery of admissible evidence, including because it seeks "[a]ll" communication and posting history by the above accounts, including: all posted comments,

1  messages, or public/private content, timestamps of each message or post without limitation or
2  connection to the lawsuit. *See Calcor*, 53 Cal. App. 4th at 222. Tea objects to this Request as
3  unduly burdensome, overly broad and irrelevant, in part, because it is not limited by time period
4  or subject matter.

**REQUEST FOR PRODUCTION NO. 6:**

All internal reports or moderation logs involving these usernames, including flagged or reported content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Objections which are specifically incorporated herein, Tea objects to this Request because it seeks certain documents that are protected under the United States Constitution and the California State Constitution and because Plaintiff has not provided notice to the Users. Tea objects to this Request because it seeks documents that are subject to the SCA. *See O'Grady*, 139 Cal. App. 4th at 1448. Tea objects to this Request because no protective order has been entered in this matter or the underlying Michigan matter. Tea also objects to this Request because it is unduly burdensome, vague, ambiguous, unintelligible, and fails to specify the information or documents sought to be produced with specific description or reasonable particularity in violation of the California Code of Civil Procedure. Tea objects to this Request because it seeks information that is not relevant to any claim or defense and cannot reasonably be expected to lead to the discovery of admissible evidence, including because it seeks "[a]ll" internal reports or moderation logs for the subject users without limitation or connection to the lawsuit. *See Calcor*, 53 Cal. App. 4th at 222. Tea objects to this Request as overly broad, unduly burdensome and irrelevant, in part, because it is not limited by time period.

**REQUEST FOR PRODUCTION NO. 7:**

All stored direct messages sent or received by these users during the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the General Objections which are specifically incorporated herein, Tea objects to this Request because it seeks documents that are protected under the United States Constitution and the California State Constitution and because Plaintiff has not provided notice to

the Users. Tea objects to this Request because it seeks documents that are subject to the SCA. *See O'Grady*, 139 Cal. App. 4th at 1448. Tea objects to this Request because no protective order has been entered in this matter or the underlying Michigan matter. Tea also objects to this Request because it is unduly burdensome, vague, ambiguous, unintelligible, and fails to specify the information or documents sought to be produced with specific description or reasonable particularity in violation of the California Code of Civil Procedure. Tea objects to this Request because it seeks information that is not relevant to any claim or defense and cannot reasonably be expected to lead to the discovery of admissible evidence, including because it seeks "[a]ll" stored direct messages sent or received by these users during the relevant time period without limitation or connection to the lawsuit. *See Calcor*, 53 Cal. App. 4th at 222. Tea objects to this Request as overly broad, unduly burdensome and irrelevant in part because it is not limited by time period or relevant persons or account holders.

**REQUEST FOR PRODUCTION NO. 8:**

Any deleted content or messages associated with these accounts to the extent available.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Objections which are specifically incorporated herein, Tea objects to this Request because it seeks certain documents that are protected under the United States Constitution and the California State Constitution and because Plaintiff has not provided notice to the Users. Tea objects to this Request because it seeks certain documents that are subject to the SCA. *See O'Grady*, 139 Cal. App. 4th at 1448. Tea objects to this Request because no protective order has been entered in this matter or the underlying Michigan matter. Tea also objects to this Request because it is unduly burdensome, vague, ambiguous, unintelligible, and fails to specify the information or documents sought to be produced with specific description or reasonable particularity in violation of the California Code of Civil Procedure. Tea objects to this Request because it seeks information that is not relevant to any claim or defense and cannot reasonably be expected to lead to the discovery of admissible evidence, including because it seeks "any" deleted content or messages associated with the accounts without limitation or connection to the lawsuit. *See Calcor*, 53 Cal. App. 4th at 222. Tea objects to this Request as unduly

- 8 -

burdensome, overly broad and irrelevant, in part, because it is not limited by time period or subject matter.

**REQUEST FOR PRODUCTION NO. 9:**

Screenshot-blocking or screen-recording metadata, including any logs or attempts to bypass these features if detected.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the General Objections which are specifically incorporated herein, Tea objects to this Request because it seeks information that is not relevant to any claim or defense and cannot reasonably be expected to lead to the discovery of admissible evidence. Tea objects to this Request because it seeks proprietary business information and because no protective order has been entered in this matter or the underlying Michigan matter. Tea also objects to this Request because it is unduly burdensome, vague, ambiguous, unintelligible, and fails to specify the information or documents sought to be produced with specific description or reasonable particularity in violation of the California Code of Civil Procedure. Tea objects to this Request because it is overly broad, unduly burdensome, and irrelevant in part because it is not limited by time period, or to relevant persons or account holders.

**REQUEST FOR PRODUCTION NO. 10:**

A legend or guide explaining any codes or abbreviations used in the production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the General Objections which are specifically incorporated herein, Tea objects to this Request because it seeks information that is not relevant to any claim or defense and cannot reasonably be expected to lead to the discovery of admissible evidence. Tea further objects to this Request because it seeks documents that are not within Tea's possession, custody, or control. Tea further objects to this Request because no protective order has been entered in this matter or the underlying Michigan matter.

| | |
|---|---|
| Dated: September 9, 2025 | **BAKER & HOSTETLER LLP** |
| | By: */s/Bethany G. Lukitsch* <br> Bethany G. Lukitsch (SBN 314376) <br> Kamran B. Ahmadian (SBN 314566) <br> 1900 Avenue of the Stars, Suite 2700 <br> Los Angeles, CA 90067 <br> Telephone: (310) 820-8800 <br> Facsimile: (310) 820-8859 <br> Email: *blukitsch@bakerlaw.com* <br>     *kahmadian@bakerlaw.com* |
| | Cameron S. Friedman (SBN 336087) <br> 45 Rockefeller Plaza <br> New York, NY 10111 <br> Telephone: (212) 589-4200 <br> Facsimile: (212) 589-4201 <br> Email: *cfriedman@bakerlaw.com* |
| | *Attorneys for Defendant* <br> TEA DATING ADVICE, INC. |

# PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4301. On September 9, 2025, I served a copy of the within document(s):

**TEA DATING ADVICE, INC.'S OBJECTIONS TO PLAINTIFF'S SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS IN ACTION PENDING OUTSIDE CALIFORNIA**

☑ VIA U.S. MAIL: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ VIA EMAIL: by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| Daniel B. Makled<br>23451 Ford Rd.<br>Dearborn, MI 48128<br>Email: dmakled@makledlaw.com | *Attorney for Plaintiff*<br>Soha Elsayed |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 9, 2025, at Los Angeles, California.

                                            */s/ Jasmine Saucedo*
                                              Jasmine Saucedo