# Exhibit A

FILED
DATE: November 19, 2025
TIME: 4:19:15 PM
RICHMOND COUNTY
CLERK OF SUPERIOR COURT
BY: K. McGee

STATE OF NORTH CAROLINA

COUNTY OF RICHMOND

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CIVIL ACTION NO.: 25CV001302-760

ANTHONY JOSUE GRAJALES a/k/a JDAGOD,

    Plaintiff,

v.

TEA DATING ADVICE INC. d/b/a THE TEA APP; SEAN COOK; JANE DOE 1; JANE DOES 1-6,

    Defendants.

**ORDER**

This matter came on for hearing on November 17, 2025, in the Richmond County Justice Center, Rockingham, North Carolina, before the Honorable Dawn M. Layton, Superior Court Judge, presiding, on Defendants Tea Dating Advice, Inc. and Sean Cook (the "Tea Defendants")'s Motion to Dismiss pursuant to N.C.R. Civ. P. 12(b)(6). Also before the court were the following motions by Plaintiff Anthony Josue Grajales ("Plaintiff"): Motion for Limited Early Discovery and Notice of Intent to Seek Sanctions; Motion to Appoint Special Master/Auditor; Motion for Judicial Notice; and Motion to Redact Personal Information from All Prior Filings (collectively "Plaintiff's Additional Motions"). Plaintiff was present in open court representing himself. Counsel for the Tea Defendants J. Dickson Phillips, III and Emma W. Perry were also present in open court.

Having heard arguments of Plaintiff and of counsel for the Tea Defendants, and having considered the parties' motions and briefs submitted in support of and in opposition to the various motions, the Court rules as follows:

1. Plaintiff identifies five claims for relief in his Complaint: Count I for Defamation (Libel); Count II for False Light Invasion of Privacy; Count III for Intentional Infliction of Mental Distress; Count IV for Tortious Interference with Business Relations; and Count V Negligence.

2. Because Plaintiff's claims arise from statements made by unnamed users on the Tea Defendants' "Tea App", the claims are completely barred by the immunity afforded the Tea Defendants by the Communications Decency Act of 1996, 47 U.S.C.A. § 230 ("section 230"). As such, the Court dismisses the Plaintiff's Complaint as to the Tea Defendants WITH PREJUDICE.

3. In view of the complete bar provided by section 230, the Court will not reach the Tea Defendants' additional arguments that the Complaint fails to state claims upon which relief can be granted, which would constitute additional grounds for dismissal under Rule 12(b)(6).

4. Plaintiff's claims against the Tea Defendants being dismissed with prejudice, the Court denies Plaintiff's Additional Motions as moot, with the exception of Plaintiff's Motion to Redact Personal Information, which is denied on the merits.

IT IS SO ORDERED.

This **19th** day of November, 2025.

11/19/2025 1:12:40 PM

_____

Dawn M. Layton, Superior Court Judge