UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOHA ELSAYED,

Plaintiff,

v.

JOHN DOE, an unknown individual, and TEA DATING ADVICE, INC.,

Defendants.

Case No. 25-cv-13321

Honorable Robert J. White

**OPINION AND ORDER GRANTING TEA DATING ADVICE'S MOTION TO PARTIALLY DISMISS THE AMENDED COMPLAINT AND REMANDING THE CASE TO STATE COURT**

I. Introduction

Soha Elsayed commenced this diversity negligence action against Tea Dating Advice, Inc. ("TDA") and anonymous individuals who posted defamatory content about Elsayed on TDA's social media platform.

Before the Court is TDA's motion to dismiss the claims asserted against it in the amended complaint. (ECF No. 5). Elsayed responded in opposition. (ECF No. 6). TDA filed a reply. (ECF No. 8). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, (1) the motion is granted, and (2) the case is remanded to state circuit court.

## II. Background

### *A. Factual History*

TDA runs an online social media platform through a mobile application that allows "users to post content and communicate with other users." (ECF No. 1, PageID.50, ¶ 3). In July 2025, anonymous users posted photographs of four separate women to TDA's group forum, accompanied with a statement that the depicted women "sleep around with married men for money." (*Id.*, PageID.52, ¶ 12). A subsequent post displayed Elsayed's image, listed her place of business, and "falsely alleged that [she] was the individual responsible for the initial . . . post." (*Id.*, ¶ 13).

Elsayed sued the anonymous posters under the single fictitious name, "John Doe." And she filed her complaint in Wayne County Circuit Court. (*Id.*, PageID.44-48). Around the same time, Elsayed's counsel served TDA with a subpoena seeking the identifying information for several user screen names associated with the anonymous posts. (*Id.*, PageID.51, ¶ 6; *see also* ECF No. 5-2, PageID.115-18). Although TDA initially agreed to produce the requested information, the company retained counsel and eventually reversed course. (ECF No. 1, PageId.51, ¶¶ 7-8). TDA not only objected to the subpoena on legal grounds, but it informed Elsayed's counsel that some of the user screen names did not correspond to actual user accounts. (*Id.*, ¶ 8). In response, Elsayed amended the complaint and named TDA as an additional party defendant. (*Id.*, PageID.49-62).

*B. Procedural History*

TDA timely removed the state court action to the United States District Court for the Eastern District of Michigan, invoking federal diversity jurisdiction.[1] (*Id.*, PageID.1-9). *See* 28 U.S.C. § 1332(a)(1).

The amended complaint alleges causes of action for defamation (against John Doe), aiding and abetting defamation (against TDA), civil conspiracy (against both defendants), tortious interference with prospective civil litigation (against TDA), negligence (against TDA), spoliation (against TDA), declaratory and injunctive relief (against TDA), and attorney's fees, costs and punitive damages (against both defendants). (*Id.*, PageID.56-61, ¶¶ 31-65).

Elsayed and TDA stipulated to the dismissal of the aiding and abetting defamation, tortious interference with prospective civil litigation, and spoliation claims with prejudice. (ECF No. 7, PageID.168). And Elsayed acknowledges that declaratory and injunctive relief, as well as attorney's fees, costs and punitive damages, are remedies – not independent causes of action. (ECF No. 6, PageID.144-

[1] Complete diversity exists because Elsayed is a Michigan citizen and TDA is a citizen of both Delaware and California. (ECF No. 1, PageID.4-5, ¶¶ 13-14). *See* 28 U.S.C. § 1332(c)(1). John Doe's citizenship is immaterial to the analysis. The federal removal statute instructs district courts to "disregard" the "citizenship of defendants sued under fictitious names" when a case is removed from state court based upon federal diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

45). TDA now moves to dismiss the remaining causes of action for negligence and civil conspiracy. (ECF No. 5).

## III. Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

## IV. Analysis

### *A. Section 230 of the Communications Decency Act*

TDA first argues that section 230 of the Communications Decency Act of 1996 immunizes the company from any liability stemming from the asserted claims. (ECF No. 5, PageID.95-101). *See* 47 U.S.C. § 230.

Section 230 "immunizes providers of interactive computer services against liability arising from content created by third parties." *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 406 (6th Cir. 2014). Section 230(c)(1) says that "[n]o provider or user of an interactive computer service shall be treated as the

publisher or speaker of any information provided by another information content provider." While section 230(c)(1) does not explicitly reference the term "immunity or a synonym thereof," the United States Court of Appeals for the Sixth Circuit has "recognized the provision to protect internet service providers for the display of content created by someone else." *Jones*, 755 F.3d at 406. This protection is broad enough to immunize internet service providers from "any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

Section 230 immunity has no application here, though. Elsayed is not seeking to hold TDA accountable for John Doe's defamatory posts to the group forum. She is instead attempting to assign liability to TDA for failing to comply with her efforts to obtain John Doe's identifying information. (ECF No. 6, PageID.136) ("The sequence of Tea's repeated assurances followed by noncompliance and silence forms the factual basis for this action."). Section 230 affords no immunity in this context.

*B. Substantive Claims*

Turning to the substantive causes of action asserted against TDA, both fail as a matter of law. To state a Michigan claim for negligence, the operative complaint must plausibly allege that "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Hill v. Sears, Roebuck & Co.*, 492 Mich. 651, 660 (2012). Elsayed's theory of negligence falters

at the outset because she cannot articulate a plausible basis under Michigan law for establishing a legal duty between herself and TDA.

Elsayed disagrees. She contends that TDA assumed a legal obligation to provide her with John Doe's identifying information once it assured her that the company would produce the requested materials and that TDA breached this duty when the company reneged on its commitment. (ECF No. 6, PageID.141-42).

Elsayed traces this purported duty to the Michigan Supreme Court's decision in *Smith v. Allendale Mut. Ins. Co.*, 410 Mich. 685 (1981). There, the Supreme Court recognized the principle enunciated in section 324A of the Restatement (Second) of Torts that "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a *third person* or his things, is subject to liability to the *third person* for *physical harm* resulting from his failure to exercise reasonable care to [perform] his undertaking." *Smith*, 410 Mich. at 712 (quotation omitted) (emphasis added).

The *Smith* principle is limited, however, to situations where (1) the tortfeasor damages a foreseeable third-party, and (2) the damage to the third-party results from physical harm. Neither factor is present in this case because Elsayed *is* the party who directed the subpoena to TDA – it is not a third party to the dispute. And the harm Elsayed suffered was not physical, but reputational. So Elsayed cannot point

to any source in Michigan law that recognizes a duty under the circumstances presented here.

Because Elsayed fails to show that Michigan law imposes any duty on TDA to produce John Doe's identifying information in response to her subpoena, the negligence claim is subject to Rule 12(b)(6) dismissal.

The civil conspiracy claim fares no better. *First*, a Michigan civil conspiracy claim is not a standalone cause of action. It requires the underlying violation of some other substantive law, which Elsayed fails to plead in the amended complaint. *See, e.g., Advocacy Org for Patients & Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384 (2003) ("a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort.") (quotation marks and citation omitted).

And *second*, civil conspiracy "entails an agreement, or preconceived plan, to do an unlawful act." *Cousineau v. Ford Motor Co.*, 140 Mich. App. 19, 37 (1985). "The plaintiff need not establish that the defendants had an express agreement to act in concert; rather, the showing of a tacit agreement is sufficient." *Dept. of Community Health v. Weiner & Assocs., PLLC (Estate of Carpenter)*, No. 332142, 2017 Mich. App. LEXIS 1754, at *9-10 (Mich. Ct. App. Oct. 31, 2017).

The amended complaint contains no allegations indicating that TDA and John Doe expressly, tacitly, or in any other way agreed to withhold John Doe's identifying

information from Elsayed. Nor is there any plausible showing that TDA ever communicated with John Doe. Elsayed only asserts that "Tea and JOHN DOE, by words and conduct, formed an agreement, combination, or understanding (express or implied) to obscure, conceal, and shield the identity of the persons posting false and defamatory statements about Plaintiff." (ECF No. 1, PageID.57, ¶ 43). But this allegation is devoid of "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that John Doe and TDA agreed to perform an unlawful act. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quotation omitted).

For both these reasons, Elsayed fails to allege a plausible civil conspiracy claim under Michigan law.

*C. The Non-Moving "John Doe" Defendant*

Although TDA is the only party seeking dismissal of the civil conspiracy claim, the same allegations fail to state a plausible claim for relief against the non-moving defendant, John Doe.

"A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987). This

rule even extends to non-moving defendants who, like John Doe, never appeared in the action. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) ("we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."); *see also Lee v. Flint Cmty. Sch.*, No. 22-13134, 2023 U.S. Dist. LEXIS 184816, at *6 (E.D. Mich. Oct. 13, 2023).

Because the same reasons that justify dismissing the civil conspiracy claim against TDA also warrant dismissing the claim as against John Doe, the cause of action is dismissed in its entirety.

*D. Amendment*

Elsayed also appears to seek leave to amend the civil conspiracy claim in her opposition to the motion to dismiss. This request is improper.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be freely given "when justice so requires." That means "the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) (citation omitted). "[A] bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which amendment is sought – does not constitute a motion within the contemplation of Rule 15(a)." *Beydoun v.*

*Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quotation omitted); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

Elsayed's request for leave to amend the complaint fits this description exactly. She cites the notion that "[a]t a minimum, if the Court finds any perceived pleading gap, the proper remedy is leave to amend." (ECF No. 6, PageID.141). But nowhere does she propose how she intends to correct the pleading deficiencies identified in the amended complaint.

Because Elsayed "submitted none of th[e] facts to aid the court in deciding whether justice require[s] the court to grant leave to amend," her request for leave to amend must be denied. *Roskam Baking*, 288 F.3d at 906.

*E. Remand to State Court*

One final note on the procedural disposition of this case. The sole remaining cause of action is the defamation claim asserted against John Doe. (ECF No. 1, PageID.56, ¶¶ 31-35). Since this cause of action is a state law claim, and it is otherwise unclear from the amended complaint whether Elsayed and John Doe are citizens from different states (ECF No. 1, PageID.49-50, ¶¶ 1-2), the Court must assume that it lacks subject matter jurisdiction – in the form of diversity of citizenship – "until the contrary appears" from the record. *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799).

As the first Justice Harlan observed in *King Bridge Co. v. Otoe County*, 120 U.S. 225 (1887):

> the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act.

*Id.* at 226 (quotation omitted); *see also Renne v. Geary*, 501 U.S. 312, 316 (1991) ("We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record.") (quotations omitted).

Consistent with this limiting presumption, the only appropriate course of action is to remand the case to the state circuit court for lack of federal subject matter jurisdiction.[2] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it *appears* that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added). Accordingly,

IT IS ORDERED that TDA's motion to dismiss the claims asserted against it in the amended complaint (ECF No. 5) is granted.

[2] The Court located one other federal district court decision addressing the same procedural setting, *Corr. Flight S., Inc. v. Does*, No. 23-448, 2025 U.S. Dist. LEXIS 100911 (N.D. Miss. May 28, 2025). There, the district court arrived at the same conclusion – remanding the case to state court for lack of diversity jurisdiction – albeit for different reasons. *Id.* at *3-4.

IT IS FURTHER ORDERED that the case is remanded to Wayne County Circuit Court.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: June 30, 2026

s/ Robert J. White
Robert J. White
United States District Judge